IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff CALVIN KWON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN KWON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>VIRGIL VIEW APARTMENTS LLC; and PORTOBELLO PLUS MANAGEMENT CO., INC.,<br><br>　　Defendants. | CASE NO. 26-cv-697<br><br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>　1. Violations of the Federal Fair Housing Act (42 U.S.C. § 3601 et seq.)<br><br>　2. Violations of the Fair Employment and Housing Act (Cal. Government Code § 12955 et seq.)<br><br>　3. Violation of the California Disabled Persons Act (Cal. Civ. Code § 54 et seq.<br><br>　4. Violations of the Unruh Civil Rights Act (Cal. Civ. Code § 51 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff CALVIN KWON complains of Defendants VIRGIL VIEW APARTMENTS LLC; and PORTOBELLO PLUS MANAGEMENT CO., INC. and alleges as follows:

1. **INTRODUCTION:** Plaintiff CALVIN KWON ("Plaintiff") brings this action against VIRGIL VIEW APARTMENTS LLC; and PORTOBELLO PLUS MANAGEMENT CO., INC. ("Defendants"), the owners, operators, and/or managers of the apartment building located at 171 S. Virgil Ave Los Angeles, CA. 90004, and known as Virgil View Apartments ("Virgil View Apartments") alleging discrimination in violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, et seq. and related state laws.

2. Plaintiff alleges discrimination based on disabilities as a tenant at Virgil View Apartments, due to Defendants' persistent failure and refusal to make their premises accessible to and usable by Plaintiff. This includes Defendants' repeated failures to maintain the property's accessible features, particularly the elevator, which has resulted in Plaintiff's denial of access, difficulty, discomfort, embarrassment, and physical injury. Furthermore, Defendants have consistently failed to respond to Plaintiff's requests for reasonable accommodations, exacerbating the discriminatory conditions under which the Plaintiff has been compelled to live.

3. Plaintiff is informed, believes, and thereon alleges that each Defendant, in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope of its actual or apparent authority pursuant to such agency, or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant as principal.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*. This Court has jurisdiction over the supplemental state-law

claims brought under California law pursuant to 28 U.S.C. section 1367.

5. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is founded on the fact that the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

6. **PARTIES:** Plaintiff CALVIN KWON is and at all relevant times was a "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345.

7. Plaintiff contracted polio during childhood. As a result, he has a permanent disability that substantially limits one or more major life activities, including walking. Consequently, he relies on a wheelchair for mobility.

8. VIRGIL VIEW APARTMENTS LLC; and PORTOBELLO PLUS MANAGEMENT CO., INC., at all relevant times were, the owners, operators, and or managers of Virgil View Apartments, a five-story apartment complex. Virgil View Apartments is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation under FEHA, Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh Act, Civil Code § 51.

9. **FACTUAL STATEMENT:** Plaintiff is a wheelchair user who has resided at the subject apartment building since 2012. The building is equipped with two elevators; however, one elevator has been perpetually broken and out of service for extended periods of time, such that the building functionally operates with only one elevator. That remaining elevator, however, is not reliably usable, as it persistently malfunctions, breaks down, and becomes inoperable, without warning.

As a result, Plaintiff is repeatedly left without any safe or reliable access to his home.

10. Since the beginning of his tenancy in 2012, Plaintiff has experienced persistent elevator outages at the property. Historically, when either of the elevators malfunctioned, repairs were typically completed within approximately two days. In recent years, and particularly since 2025, the frequency, duration, and severity of elevator outages significantly increased. One of the elevators remains perpetually out of order.

11. When the elevators are inoperable, Plaintiff is forced to navigate stairways in a manner that is dangerous, painful, and humiliating. Plaintiff has been required to slide down the stairs step by step while his roommate carried his wheelchair separately. Plaintiff has also been forced to crawl up or down more than 10 to 15 stairs using only upper body strength. These efforts caused muscle strain and shoulder pain.

12. In addition to full outages, the sole elevator that is nominally operational exhibits repeated mechanical failures The call button on the second floor often fails to respond, remaining depressed without activating the elevator. This elevator repeatedly opens and closes on the first floor without traveling upward. To access this elevator, Plaintiff has had to wait until another resident on a different floor calls it.

13. On or about September 26, 2025, the only functioning elevator broke down again. Plaintiff promptly notified Defendants of the elevator outage in a letter dated September 29, 2025:

> *Dear Sir,*
>
> *I am writing to file a formal complaint regarding the elevator at 171 S. Virgil Ave Los Angeles, CA. 90004. which has been out of service since 09/26/2025. As a resident with a disability, the inability to use the*

4
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

*elevator has created an unreasonable and dangerous barrier to my home and has severely disrupted my daily life.*

*My mobility is significantly limited due to my disability, and I rely on the elevator for all vertical movement within the building. The continuous outage has made it extremely difficult, and at times impossible, for me to:*

*Access my apartment on the 2nd floor.*
*Leave my apartment to go to medical appointments, work, or run necessary errands.*
*Receive deliveries or assistance from family and caregivers.*
*Exit the building safely in case of an emergency.*

*This ongoing inaccessibility is a violation of my rights as a resident with a disability and is a violation of the Fair Housing Act, which requires that you provide reasonable accommodations for tenants. While I understand that repairs can take time, several days without a functioning elevator constitutes an unreasonable delay that is causing significant hardship and is unacceptable.*

*Please inform me immediately of the following:*
*The status of the repair and the expected timeline for the elevator to be fully operational.*

*What immediate, reasonable accommodations you will provide to ensure I have safe and consistent access to and from my home while the elevator is being repaired.*

*I expect a prompt and decisive response outlining a concrete plan of action. If I do not receive a satisfactory response within 5 business days, I will be forced to pursue further action by filing a formal complaint with appropriate housing authorities or disability rights organizations.*

*I look forward to your immediate attention to this critical matter.*

14. Plaintiff did not receive a response to this letter, but management did later indicate that he would receive a rent credit related to the elevator issue. Plaintiff has yet to receive any rent credit.

5
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15. The elevator remained out of service for at least 10 days. During this period, Plaintiff was unable to safely access his unit and was forced to stay at a friend's home for approximately two weeks. The friend's residence, however, does not have an accessible bathroom. As a result, Plaintiff was unable to bathe at that location and was forced to wash himself in the bathroom at his workplace

16. One of the elevators was temporarily repaired only to break down again on October 29, 2025. Plaintiff attempted to go to work that morning, but the elevator would not travel upward. Plaintiff's roommate was forced to assist him down the stairs by carrying the wheelchair while Plaintiff moved his body step by step.

17. Between October 29 and November 26, 2025, elevator conditions severely deteriorated. The call button on the second floor stopped functioning entirely. Plaintiff could only use the elevator if another resident on a different floor called it. One elevator was later restored briefly, but then subsequently shut down.

18. Plaintiff notified Defendants in writing with following in a letter dated November 24, 2025:

> *I am writing to express my profound concern and frustration regarding the prolonged failure of the main residential elevator in the building, which has been inoperable since Oct 30, 2025. the elevator broke down 26 days ago. As a resident with a disability who requires the elevator for basic egress and access, this breakdown is not merely an inconvenience—it is a crisis that severely impacts my quality of life and safety.*
>
> *I reside on the 2nd floor, and due to my condition, using the stairs is either impossible or poses a serious risk of injury. Since the elevator stopped functioning, I have been effectively trapped outside my apartment. Specifically, I'm living like a homeless, washing hair, face and body from my office building. This is an unacceptable violation of my rights as a tenant requiring reasonable accommodation.*
>
> *I demand immediate action on this matter. I require a clear, written*

6
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

*timeline for the elevator's repair, including an estimated completion date, within the next 3days [sic].*

*Please understand that this is an urgent health and safety issue. I expect a prompt and substantive response detailing your plan of action. Should this situation not be rectified immediately, I will be forced to seek legal counsel regarding my rights under the Fair Housing Act and local tenant laws.*

19. During this period, Plaintiff was compelled to stay at friends' homes again. This time his stay lasted for nearly one month while continuing to pay full rent for an apartment he could not safely access. Plaintiff has never been late in paying rent.

20. On January 1, 2026, the elevator again broke down. Because the second elevator remained out of service, Plaintiff once again had no elevator access and was forced to sleep at a friend's home overnight. The elevator resumed limited operation the following day; however, the second elevator remains inoperable.

21. Despite notice, Defendants failed to provide timely repairs, alternative accommodations, or meaningful responses to written complaints.

22. Plaintiff, repeatedly denied reasonable accommodations and subjected to policies disproportionately affecting individuals with disabilities, has been compelled to initiate legal action. This lawsuit seeks to uphold Plaintiff's rights to full and equal access as guaranteed by the Federal Fair Housing Act, and the laws of California.

## FIRST CLAIM:
## VIOLATION OF THE FEDERAL FAIR HOUSING ACT
### (*42 U.S.C. § 3601 et seq.*)

23. Plaintiff repleads and incorporates by reference, as if fully set forth again below, the factual allegations contained in Paragraphs 1 through 22, above, and incorporates them here by reference as if separately repleaded hereafter.

24. Virgil View Apartments is a "dwelling" available "to rent" within the

meaning of the Fair Housing Act (FHA).  42 U.S.C.A. § 3602. It is a "covered multi family dwelling" under section 3604 (f)(7)(A).

25. Based on the above, Defendants have violated the protections afforded to Plaintiff under the FHA, including, but not limited to, the following:

    a. Failing to make their premises accessible to and usable by tenants with disabilities;

    b. Failing to maintain the accessible features of their property, including the elevators;

    c. Failing and refusing to grant requests for reasonable accommodation by disabled tenants who suffer inconvenience and hardship as a result of the unavailability of the elevators at the premises;

    d. Failing and refusing to provide an accessible path to/from Plaintiff's unit; and

    e. Implementing policies and procedures that result in a disparate impact on persons with physical disabilities, including Plaintiff.

26. Defendants had actual knowledge that Plaintiff is a person with a disability. Plaintiff notified Defendants of the elevator outages and affirmatively requested accommodations. Defendants repeatedly refused or failed to respond to Plaintiff's requests for accommodations.

27. Defendants maintain a pattern and practice of denying Plaintiff full and equal access to her dwelling by their failure to respond appropriately to requests for accommodation. 42 U.S.C.A. § 3604(f)(3).

28. For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff prays for damages as stated below.

8
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## SECOND CLAIM:

## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

**(Cal. Government Code § 12955 et seq.)**

29. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates them here as if separately re-pleaded.

30. The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing. Gov.C. § 12955 *et seq*.

31. Virgil View Apartments is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

32. Based on the above, Defendants have violated the protections of FEHA, because of, but not limited to the following:

    a. Failure to provide an accessible path to/from Plaintiff's unit; and

    b. Failure to modify policies and practices to provide reasonable accommodations to Plaintiff, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their rental dwelling to the same extent as those without disabilities.

33. Based on the above, Plaintiff is entitled to actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff prays for damages as stated below.

## THIRD CLAIM:

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

**(Cal. Civ. Code § 54 et seq**

34. Plaintiff repleads and incorporates by reference, as if fully set forth

9
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

again below, the allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them here as if separately re-pleaded.

35. The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Civ.C. § 54.1(b)(1).

36. The subject apartment building is a housing accommodation under Civil Code section 54.1(b)(2). Plaintiff is a person with a disability within the meaning of the DPA.

37. For these reasons, Defendants have violated the DPA as follows:

    a. Denying Plaintiff full and equal access to his housing accommodations, (Civ. C. § 54.1(b)(1));

    b. Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." (Civ.C. § 54.1(b)(3)(B)); and

    c. Failure and refusal to provide an accessible route to/from Plaintiff's unit.

38. Plaintiff has suffered actual damage because of such failures which he alleges stems from Defendants' knowing and intentional violation of his rights as a disabled person under California Law.

39. Based on the above, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff request relief as outlined below.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## FOURTH CLAIM:
## VIOLATION OF UNRUH CIVIL RIGHT ACT
### (Cal. Civ. Code § 51 et seq.)

40. Plaintiff repleads and incorporate by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 39 of this Complaint and incorporates them here as if separately re-pleaded.

41. At all times mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. The building is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

43. Defendants violated the Unruh Act by its acts and omissions, including, but not limited to, the following:

    a. Failure and refusal to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services; and

    b. Failure and refusal to provide an accessible route to/from Plaintiff's unit.

44. Plaintiff is informed, believes, and alleges that Defendants' behavior, as alleged here, was intentional: Defendants were aware or were made aware of their duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing its facilities, before this Complaint was filed.

45. Defendants' refusal to provide Plaintiff's the requested accommodations demonstrate a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular. Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as alleged in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff CALVIN KOWN prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at the building or who wish to do so;

   c. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled

persons;

    d.    To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

2.    Retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of here no longer occur, and cannot recur;

3.    Award to Plaintiffs all appropriate damages, including, but not limited to, statutory damages, general damages, special damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.    Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.    Award prejudgment interest under Civil Code section 3291; and

6.    Grant any other relief that this Court may deem just and proper.

Date: January 22, 2026                          ALLACCESS LAW GROUP

                                                      */s/ Irakli Karbelashvili*
                                                   By Irakli Karbelashvili
                                                 Attorney for Plaintiff
                                                 CALVIN KWON

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 22, 2026                              ALLACCESS LAW GROUP

                                                        */s/ Irakli Karbelashvili*
                                                 By Irakli Karbelashvili
                                                 Attorney for Plaintiff
                                                 CALVIN KWON

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES